UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-12527-RGS

JAMES ALLEN, JR.

v.

SANTANDER BANK

ORDER

February 14, 2017

STEARNS, D.J.

For the reasons stated below, the court dismisses this action.

In a memorandum and order dated December 16, 2016 (Dkt. #4), the court directed plaintiff James Allen, Jr. ("Mr. Allen") to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Mr. Allen alleged that the defendant, Santander Bank ("Santander"), had, wrongfully and without Mr. Allen's consent, allowed his bank account to go into overdraft status. Mr. Allen asserted that this occurred after a teller at a Santander branch mistakenly or purposefully did not acknowledge the amount of cash that Mr. Allen had given to the teller for purposes of procuring a money order. Mr. Allen sought $20,000 in damages. The

court explained that the complaint did not state a claim over which it could exercise subject matter jurisdiction.

In response to the show cause order, Mr. Allen timely filed an amended complaint (Dkt. #6) and later provided additional documents regarding his account with Santander (Dkt. #7). While the amended complaint sets forth the alleged facts in a slightly more cogent manner than the original complaint, which the court takes as true for present purposes, it does not cure the subject matter jurisdictional bar raised by the court in its earlier memorandum and order. Mr. Allen does not identify a claim arising under federal law, thus precluding federal question subject matter jurisdiction under 28 U.S.C. § 1331.

Mr. Allen does allege that "$75,000 can be attached to [his] claim civil action," Amend. Compl. ¶ 6, suggesting that he is invoking the court's diversity subject matter jurisdiction under 28 U.S.C. § 1332(a).[1] This bare allegation is, however, insufficient. For purposes of diversity subject matter jurisdiction, "[t]he burden is on the federal plaintiff to establish that the minimum amount in controversy has been met." *CE Design Ltd. v.*

---

[1] To invoke the court's diversity subject matter jurisdiction, a plaintiff must allege that the amount in controversy *exceeds* $75,000. *See* 28 U.S.C. § 1332(a). Here, Mr. Allen has not explicitly alleged that the amount in controversy is *over* $75,000. For purposes of this order, the court will disregard that that deficiency.

*American Economy Ins. Co.*, 755 F.3d 39, 43 (1st Cir. 2014). While a plaintiff's "good faith allegation of damages meeting the required amount in controversy is usually enough," *id.* at 43, in this context, "good faith is measured objectively," *Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 41 (1st Cir. 2012). The question is "'whether to anyone familiar with the applicable law this claim could objectively have been viewed as worth' more than the jurisdictional minimum." *Abdel-Aleem*, 665 F.3d at 41 (quoting *Coventry Sewage Assoc. v. Dworkin Realty Co.*, 71 F.3d 1, 6 (1st Cir. 1995)). Once the assertion of the amount in controversy is challenged, it is the plaintiff's burden to allege with "'sufficient particularity' facts that in some way support the contention that there is more than $75,000 at stake." *Id.*

Given the alleged facts of his case, Mr. Allen's bare allegation that his claim meets the amount in controversy requirement for diversity subject matter is insufficient. The court cannot infer that Santander's act of wrongfully causing Mr. Allen's account to go into overdraft status in the amount of $96 (plus associated fees) can support a claim of over $75,000. While the court does not question Mr. Allen's intent, sincerity, or his factual allegations, it cannot "accept[] every claim of damages at face value." *Id.* at

3

43 (quoting *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039, 1052 (5th Cir. 1982)).

Acknowledging that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify a dismissal," *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 2889 (1938), the court finds that Mr. Allen has not pled a claim over which the court has subject matter jurisdiction. Having made this finding, the court has no choice but to dismiss this case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Accordingly, this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. *This dismissal does not prevent Mr. Allen from pursuing his claims in the appropriate state court.*

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE